Bunker *v.* Tufts.

———————◆———————

SAMUEL BUNKER *vs.* JOHN TUFTS.

Where, in a trustee process, the plaintiff claims to charge the person summoned as trustee, under R. S., c. 86, § 63, for holding personal property of the principal defendant under a conveyance fraudulent and void, as to the latter's creditors; and that issue is tried in the disclosure of the alleged trustee, and he is thereupon discharged; the judgment is conclusive between the parties, and is a bar to a subsequent action between them brought under R. S., c. 113, § 47, involving the same transactions.

ON REPORT.

CASE under R. S., c. 113, § 47 for knowingly aiding one Albert Williams in an alleged fraudulent transfer of his personal property to the defendant to secure it from Williams' creditors.

Writ dated Jan. 30, 1859.

The transfer of property, alleged to be fraudulent, was made on August 2, 1865 ; at which time the plaintiff was surety, with other persons for Williams, on two notes of $1000 each, to the Second National Bank, Skowhegan, but had paid nothing on either.

On August 18, 1865, the plaintiff, without suit, or special demand by the bank, and after Williams had left the State, gave a joint note, with other sureties, for the amount of the two former notes ; and on Aug. 23, 1865, the plaintiff sued Williams, alleging an implied promise of indemnity against the notes, and summoned this defendant (Tufts) as trustee of Williams upon the alleged ground, that the aforesaid transfer was fraudulent and void, as against creditors. Tufts duly appeared, disclosed, and was interrogated at great length by the plaintiff, as to the transfer, his motives and intentions, and those of Williams in making it, and the consideration paid therefor. Tufts was duly discharged by the court. Subsequently, to wit, on the 30th Jan., 1869, the plaintiff brought this suit.

*A. Libbey*, for the plaintiff, contended:

That the trustee's case was a suit to obtain judgment against the property, and depended on facts different from those necessary to support this suit, and must be different rules of law. That, therefore, the judgment in that suit can be no bar to this. *United States* v. *Lane*, 8 Wall. 185. *Thomas* v. *Goodwin*, 12 Mass. 140. *Crowningshield* v. *Kittredge*, 7 Met. 521.

*D. D. Stewart*, for the defendant.

APPLETON, C. J. This is an action under R. S., c. 113, § 47, for an alleged fraudulent conveyance of personal property by one Al-

bert Williams, a debtor of the plaintiff to the defendant. The writ is dated Jan. 31, 1869.

It is admitted that the plaintiff, on 23d August, 1865, brought a suit against said Williams, and summoned the defendant, as trustee, by reason of the aforesaid conveyance. The defendant appeared and disclosed, and upon his disclosure was discharged, and recovered his costs.

By R. S. 1857, c. 86, § 63, "If any alleged trustee has in his possession any goods, effects, or credits of the principal defendant, which he holds under a conveyance fraudulent and void as to the defendant's creditors, he may be adjudged as trustee on account thereof, although the principal defendant could not have maintained an action therefor against him."

The plaintiff in this suit was a plaintiff in the suit in which the defendant was summoned as the trustee of Williams. He is bound by the judgment rendered in that suit, equally, as he would be by one rendered in this. The validity or invalidity of the sale from Williams to this defendant was in issue between the plaintiff and the trustee in that suit precisely, as it is in this. The plaintiff failed in the contest between him and the trustee, and the judgment of the court was, that the sale was valid, and consequently that the alleged trustee must be discharged; for if the court had regarded the sale as fraudulent, he must have been charged.

The record of the judgment, in the suit *Bunker v. Williams*, and *Tufts trustee*, is binding upon the parties in this suit. *Glass* v. *Nichols*, 35 Maine, 328. *McLellan* v. *Longfellow*, 32 Maine, 494.

If the defendant disclosed falsely when summoned as trustee, the statute affords the plaintiff an ample remedy. By § 77, " If any person summoned as trustee, upon his examination willfully and knowingly answers falsely, he shall be deemed guilty of perjury; and shall pay to the plaintiff in the suit so much of the judgment recovered against the principal as remains unsatisfied, with interest and costs to be recovered in an action on the case." The plaintiff in this mode is allowed to impeach the judgment rendered in the trustee process.

As the judgment, discharging the defendant as trustee, is binding on the plaintiff, he being a party thereto, it becomes unnecessary to discuss the other questions arising in the case.

*Plaintiff  nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.